et al. Counsel for the appellant is present. Mr. Fusco is not here. Were you aware of this argument? Do you have any conversation with Mr. Fusco? Your Honor, there's no question that Mr. Fusco is aware. There was a mediation in this case yesterday. I think we're going to try to audio conference him in. That would be great. Is that possible? Do you know anything about it? Alright, Bill Bradley was taking care of this. At approximately 10.30 we're going to do that, so let's see what what gives. Alright, he's not available. We'll hear from you. Okay, thank you, Your Honor. Mr. Fusco's absence actually is not an isolated incident in this case. In fact, I don't know... That's not in the record. There is a couple of things on the record, and that is, for example, he had two different deadlines to submit his brief, which he missed. And it was also on the record that they defaulted on answering the cross-claim. But in any case, let me address the merits of the case. This case is still... There's a case pending in state court having to do with the dispute over ownership of the company. Is that correct? That's correct, Your Honor. And what does the status of that matter? That case is... Summary judgment is being argued before Judge Carroll in Burden County on Friday. The case is technically scheduled to go to trial on Monday. I suspect that trial date will be put over for a week or two at least. Summary judgment on behalf of the new owners? Yes, exactly. It's our motion for summary judgment, basically alleging that the allegations of breach of contract are of lack of merit. There's no evidence to support them. This appeal is an appeal from the district courts' denial of our motion for a preliminary injunction. This federal case, of course, is a rural interpleader action. When the guardian... Why did you ask for an injunction as compared to a summary judgment? Well, we did it two or three days after the action was commenced, and there was no answers from anybody. And the reason we did that is because guardian commenced this interpleader based on assertions from the predecessors of the company that they were, in fact, the beneficiaries of this policy. Well, through correspondence, we convinced them that that claim was frivolous, and within a week of the commencement of the interpleader action, they withdrew those claims, and they conceded that the only owner and beneficiary was the company. They argued to the walls that, well, that doesn't matter because in order to determine the beneficiary of the policy, you have to determine the ownership of the company, and we have all these breach of contract claims, which, in fact, at this point, they were not supported by any evidence at all. The only allegation was set forth in an attorney's affirmation that was not either sworn nor complied with the statutory requirements for an unassigned declaration and did not attach any documentary evidence whatsoever. And the allegations were completely without merit, but that didn't really even matter because the federal court does not have jurisdiction over those breach of contract claims. It seems to me that what the district court was concerned about, that there was this dispute, and if the money went to the company and your client was in control of the company, that rightly or wrongly that they could dissipate the insurance proceeds, and the dispute later would be irrelevant because the proceeds would be gone. You know what I mean? If that's the case, then the proper remedy for the other side would be to make a motion for an injunction preventing the company from dissipating those funds. Which you could do in state court now. They should do it. And they have not done it, but they could. And if you reverse the decision on the preliminary injunction motion, they would still be able to go to Judge Carroll and try to get an injunction. We don't think they would succeed because they really, frankly, don't have any of the necessary evidence to sustain their verdict. The basis of your request for a preliminary injunction was you needed the money to keep the restaurant open. Now the restaurant closed. Well, that's true, although it's not on the record. But it is true. It's in your brief. It is, and it's in their brief as well. So there's no dispute the restaurant closed. There's no question about it. I believe that we're still suffering irreparable injury. We had to lay off 22 employees. With every passing week, it's less likely that we'll be able to retire them. The company intended its business plan was not only, again, we're going a little bit outside the record here, because the record really consists of the irreparable injury that was at stake when the district court made its decision. But, in fact, the company's business plan was they were in the process of opening up a second restaurant. That fell through because the first restaurant had to close and could not generate sufficient evidence or revenue. And so the company basically has been in limbo, and they need to get going again. And so I believe the irreparable injury still is present. But regardless of that, in a case like this where there is absolutely no question that the parties concede that on the merits, the company is the beneficiary. A check should be written to the company. Exactly. It appears, though, that in order to show irreparable harm, you have to show more than just economic loss or economic damages. Well, I would say that, Your Honor, certainly. What do you have different in this case? At the point in time that the district court ruled on that issue, we had an operating restaurant that was about to stop. And, in fact, they had to lay off employees. And I think that goes beyond that. But, Your Honor, if we assume that the law is that sometimes economic injury is sufficient, but very rarely, what is it that exists in this case that would bring that rare occasion of economic injury to the fore such that you should prevail? Well, I would argue that the totality of the circumstances here, Your Honor, including the fact that at the time the motion was denied, there was certainly clear irreparable injury, clear irreparable injury that went beyond economic loss. But I would also argue that currently, right now, there is still irreparable injury going on every week that passes because the chances of rehiring these people that were of spare skill. In fact, the sous chef of this restaurant was excellent. He functioned as the head chef for the period of time after the head chef died. Chefs move around all the time in a restaurant. What's the explanation of that? Well, that may be true, Your Honor. But a restaurant that has a clientele that is successful in generating quite a bit of positive reviews, those chefs and personnel are important to the success of that restaurant. The people that frequented this restaurant knew the people that worked there. And I would say that even now, the likelihood of us being able to rehire those people with every passing week diminishes. That's why I said it would be simpler if the summary judgment had been filed because there is no contest as to who should get the money. It seems to me that the real problem with the district court's ruling was the court said, I do need to know who controls the company before deciding that the check should be written to the company, to which we would say, is that correct or not? And if we would say that's not correct, indeed, now everybody concedes the only beneficiary is the company and that's all you need to know. Maybe sending it back with that statement leads to the proper result rather than reversing the denial of the injunction because the court never really got to a consideration of the injunction as such. Well, the court didn't actually get to the issue of the court. And to be fair to the court, it made two rulings, one that you mentioned with respect to the lack of good success, but secondly, it did find that we had failed in our burden to establish a proper ruling because it was just supported by an affidavit from the managing director of the company. Well, didn't the district court deny an opportunity to actually present some testimony? Yes, we did. We did not have the opportunity to present a testimony. Yes, that's right. We did not necessarily deny the opportunity to do that upon request. Yes, that's right. You didn't raise this, but this is an interpleader case. It really is a fight over the funds, $600,000 plus whatever interest has accumulated to date. There's the fact that this is a fight over this fund, in other words, it's a finite fight. It's not a fight between parties, although they're trying to posit the contractual dispute. Does that make a difference in the analysis of irreparable harm, or should that? I don't think so because I think that the irreparable harm element was based on the fact that the company was threatened to go out of business. We actually kept telling people, the other side and the district court, that if we didn't have these funds, it would go out of business. I'm actually trying to help you here. What I'm saying is the irreparable harm analysis basically goes to the point, well, you can fight that out and you can get whatever damages you're entitled to in a court of law, but here, you're not going to get any more than the fund. That's a very good point. I thought so. It's kind of weird that an interpleader is an interpleader. Guardian puts the money in. We all know who the beneficiary is. And then there's an injunction and there's cross-claims. There's all these things that are trying to complicate what is actually a very simple procedure. Once the widow and other people have said, you know, the company's a beneficiary. We didn't consider making a motion for summary judgment after the injunction was denied. We decided against it because the district court judge made it clear that he was in favor of the fact. And, in fact, we did raise it in our motion opposing their motion to vacate the default because we said it would be without purpose to vacate the default. I'm just not sure procedurally, because the injunction that you asked for before probably isn't appropriate because it also said, you know, stop people from suing in state court about the policy. Well, you don't want that stopped. You want that to continue. So I think we just have a little bit of a procedural rebuke here. Anything further? That's too bad. It's over. Thank you. We just heard the case. Thank you.